UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JENNIFER ARMSTRONG, | : | Case No. 3:11-cv-206 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | Magistrate Judge Michael R. Merz |
| vs. | : | |
| | : | |
| MICHAEL J. ASTRUE, COMMISSIONER | : | |
| OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

**DECISION AND ENTRY: (1) ADOPTING THE REPORT AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 13) IN ITS ENTIRETY; (2) OVERRULING PLAINTIFF'S OBJECTIONS (DOC. 14); (3) AFFIRMING THE COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED; AND (4) TERMINATING THIS CASE**

Plaintiff Jennifer Armstrong brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Defendant Commissioner of Social Security denying her application for Social Security Disability ("SSD"). On February 6, 2012, United States Magistrate Judge Michael R. Merz entered a Report and Recommendations recommending that the Commissioner's non-disability determination be affirmed and this case be terminated. (Doc. 13). Plaintiff filed Objections to the Report and Recommendations of the Magistrate Judge (Doc. 14). Defendant did not file objections or a response to Plaintiff's objections. This case is now ripe.

In reviewing this case, the Court's function is to first determine whether the record as a whole contains substantial evidence to support the ALJ's decision. *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Regarding the substantial evidence requirement, the ALJ's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a judgment as a matter of law if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988) (citing *NLRB v. Columbian Enameling & Stamping Co.*, 306 U.S. 292, 300 (1939)).

Next, the Court must determine whether the ALJ applied the correct legal criteria. *Bowen*, 478 F.3d at 745-46. This judicial inquiry may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *Id.* at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Id.* (citing in part *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

Based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (Doc. 13), as well as upon a *de novo* review of this case, the Court adopts the aforesaid Report and Recommendations in its entirety. Accordingly, the Court: (1) **ADOPTS** the Report and Recommendations of the Magistrate Judge (Doc. 13) in its entirety; (2) **OVERRULES** Plaintiff's Objections (Doc. 14); (3) **AFFIRMS** the ALJ's non-disability finding; and (4) **TERMINATES** this case on the Court's docket.

**IT IS SO ORDERED**.

Date:      5/17/12                              *s/ Timothy S. Black*
                                                Timothy S. Black
                                                United States District Judge